RIEBESEHL *v.* ALVIS, WARDEN, ET AL.

(No. 5692—Decided June 4, 1957.)

*Mr. Melville Riebesehl, in propria persona.*

*Mr. William Saxbe,* attorney general, and *Mr. William M. Vance,* for respondent.

BRYANT, J. This matter came on for consideration upon the petition in habeas corpus of Melville Riebesehl against R. W. Alvis, Warden, Ohio Penitentiary. Riebesehl is a prisoner in the Ohio Penitentiary and alleges that he is illegally imprisoned. After the filing of the petition by Riebesehl and a memorandum in support thereof, respondent filed his return of writ and produced the prisoner in open court.

Riebesehl says he was committed from Henry County on two charges, escape from confinement and attempt to escape from confinement. He alleges further that he was arrested on June 24, 1956, on the charge of being drunk and disorderly, that the case was continued to July 7, 1956, that he appeared in court on July 7, 1956, at which time said charge was dismissed and he was charged with breaking and entering an inhabited dwelling house, and that thereafter he walked out of the jail through a door which had been left unlocked and several days later voluntarily returned to jail.

Riebesehl raises five objections to his incarceration. The second, third, fifth and possibly the fourth are based upon the theory that a person must have been convicted of a crime before he is amenable to the statute relating to escapes. We can not agree with this contention. The statute under which he was sentenced is Section 2901.11, Revised Code (Section 12408, General Code). This statute was amended, effective October 2, 1953, and now provides in part as follows:

"No person shall escape, attempt to escape * * * from any confinement or restraint imposed as a result of a criminal, contempt, or probate proceeding * * *."

We have pointed out that Section 2901.11 was amended effective October 2, 1953. Prior to the amendment, it contained the word, "convict," and that word was omitted in the amended form. However, a careful reading of the new form of this statute discloses that the language used is broad enough to cover a prisoner in jail awaiting trial as well as those under sentence. It is obvious, of course, that leaving through an unlocked door is an escape, as it destroys the custody and control by the jailer just as effectively as if a lock had been broken.

The papers attached to the writ show that this prisoner was arraigned on October 18, 1956, and apparently his case proceeded without interruption or delay. If the record is accurate, he was arraigned and provided with counsel by the state, and he thereafter waived the reading of the indictment and entered pleas of guilty to both charges. The evidence was brought before the court, whereupon the court found the prisoner had received a copy of the indictment more than 24 hours prior to the date of hearing and found him guilty of violating Section 2901.11, Revised Code. The court apparently was of the view that referral to a probation officer for investigation and report was not needed and appears to have proceeded to sentence the prisoner for a period of one to five years at hard labor, both sentences to be served concurrently.

If the statement by Riebesehl in open court is true that he had no previous felony record of any sort and had a record of only one previous misdemeanor, the disposition of this case would seem severe. The speed with which all the incidental steps were accomplished is little short of remarkable. However, these items do not constitute grounds for a discharge by habeas corpus, and it would appear that due process was accorded to Riebesehl. For the reasons set forth above, it is the holding of this court that respondent is lawfully authorized to confine the petitioner, and the relief must, therefore, be denied.

*Petitioner remanded to custody.*

PETREE, P. J., and MILLER, J., concur.